IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Paulette N. Haines, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-cv-02916-JOF |
| Cherokee County, Georgia, | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the court on the Final Report and Recommendation of Magistrate Judge Alan J. Baverman [136] and Plaintiff's objections thereto [137].

Plaintiff, Paulette N. Haines, filed the present suit on September 17, 2008 against Defendant, Cherokee County, Georgia. Her complaint alleged that (1) Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"), by failing to accommodate her disability and then terminating her because of that disability, and (2) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1 *et seq.*, when it terminated her because of her race. The parties consented to dismissing Plaintiff's Title VII race discrimination claim, and Defendant filed the present motion for summary judgment on September 10, 2009, requesting it be granted summary judgment on Plaintiff's remaining claims under the ADA.

Plaintiff worked as the Director of Senior Services for Defendant from September 20, 1999 until she was terminated on September 24, 2007. On July 20, 2007, Plaintiff was involved in a single car accident, taken to the emergency room, and released the same day. She informed her direct supervisor, Dr. Jackie McMorris, of her accident, and she was told she should take some time off. Plaintiff returned to work on July 24, 2007, and on August 7, 2007 she began seeing a Licensed Social Worker with Defendant's Employee Assistance Program. The social worker, Cynthia Dorer, diagnosed Plaintiff with Post Traumatic Stress Disorder ("PTSD") because Plaintiff was having trouble sleeping and eating and was experiencing flashbacks and panic attacks. Jerry Cooper, the county manager who had authority to hire and terminate employees, knew that Plaintiff had PTSD by early August 2007.

After Plaintiff's accident, she had trouble arriving to work on time because she was having trouble sleeping. She cried at work, lost her temper, and experienced diarrhea that caused her to leave meetings. The pace of her work slowed, and she worked late and on weekends to keep up. Dr. McMorris, however, contends that she did not see a major change in Plaintiff's behavior after the accident. In September of 2007, several incidents happened involving Plaintiff, and those incidents, combined with Plaintiff's tardiness, caused Dr. McMorris to give Plaintiff a one-day suspension. The suspension was approved by Cooper. After the suspension, several more incidents occurred, and Cooper decided to fire Plaintiff

in September of 2007. According to Cooper, Plaintiff's record of past discipline, her performance problems, inappropriate behavior and insubordination led to his decision to fire Plaintiff. Plaintiff, however, argues that she was fired because of her disability, and furthermore, that she requested that her disability be accommodated, and yet, she never received reasonable accommodation.

In its motion for summary judgment, Defendant argues that Plaintiff cannot establish a *prima facie* case under the ADA because she cannot show that she suffered from a disability during her employment. Defendant also contends that Plaintiff cannot establish a *prima facie* case for failure to accommodate, even if she was disabled. Furthermore, Defendant argues that Plaintiff's claim for unlawful termination fails as a matter of law, and Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, but Plaintiff failed to show that Defendant's reason was pretext. Magistrate Judge Baverman recommends that summary judgment be granted for Defendant on both Plaintiff's disability discrimination and failure to accommodate claims. According to the Report and Recommendation, Plaintiff failed to establish a *prima facie* case for any violation of the ADA by failing to show that a genuine issue of material fact exists as to whether she was disabled at the time of her termination. Furthermore, Plaintiff failed to show that she requested a reasonable accommodation from Defendant, and therefore, even if disabled, she could not recover on her claim for failure to accommodate. Magistrate Judge Baverman also

found that Defendant proffered evidence of a legitimate nondiscriminatory motive for firing Plaintiff, and Plaintiff failed to show that this reason was pretextual. In fact, Plaintiff did not address pretext at all. Therefore, even if Plaintiff is disabled under the ADA, Magistrate Judge Baverman recommends that summary judgment still be granted in favor of Defendant on Plaintiff's claim for disability discrimination.

Plaintiff objects to the Report and Recommendation on four major bases. According to Plaintiff,

1. The Report erroneously assumes that Plaintiff must proceed on both disparate treatment and failure to accommodate theories of discrimination;[1]

2. The Report recommends granting summary judgment to Defendant, erroneously finding that Plaintiff's disability did not substantially limit the major life activities of sleeping and working;

---

[1] While this is an exact quote from Plaintiff's own summary of her objections, Plaintiff actually does not discuss nor can the court find any thing in the Report and Recommendation that suggests that the Magistrate Judge assumed that Plaintiff must proceed on both disparate treatment and failure to accommodate theories of discrimination. Instead, the Magistrate Judge separately addressed Plaintiff's claims for failure to accommodate and discriminatory discharge and found that Defendant should be granted summary judgment on both.

4

> 3. The Report recommends granting summary judgment to Defendant, erroneously finding that Plaintiff did not request an accommodation from Defendant; and
>
> 4. The Report erroneously finds that Defendant is entitled to summary judgment as to Plaintiff's disparate treatment claims.

D.E. [137], 2-3. Plaintiff requests that this court decline to adopt the Report and Recommendation and deny Defendant's motion for summary judgment. The court will address each of Plaintiff's objections in turn.

Plaintiff first argues that Magistrate Judge Baverman improperly applied the burden shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 793 (1973). Plaintiff recognizes that the *McDonnell Douglas* framework is appropriate in disparate treatment or discriminatory discharge claims,[2] but argues that "it is not applicable here in the instant matter." D.E. [137], 3. Plaintiff seems to be arguing that Magistrate Judge Baverman improperly applied the *McDonnell Douglas* framework to her failure to accommodate claim. However, the Report and Recommendation clearly recognizes that the *McDonnell Douglas* framework applies only to Plaintiff's allegation that she was discharged on the basis of her disability, and not to Plaintiff's allegations that Defendant failed to

---

[2] In her reply to Defendant's motion for summary judgment, Plaintiff also argued that the *McDonnell Douglas*, Title VII, framework did not apply to her wrongful termination claim either. D.E. [106], 13. She now contends otherwise.

accommodate her properly. *See* D.E. [136], at 22-23 ("Although the *McDonnell Douglas* framework applies to disparate treatment claims under the ADA, the *McDonnell Douglas* framework is inapplicable in failure to accommodate cases under the ADA.").

Plaintiff next takes issue with Magistrate Judge Baverman's determination that she failed to establish a *prima facie* case under the ADA, arguing that contrary to Magistrate Judge Baverman's findings, she was and continues to be substantially limited in her ability to engage in the major life activities of work and sleep. The ADA states that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions, [or] privileges of employment." 42 U.S.C. § 12112(a). Establishing a *prima facie* case under the ADA, requires that a plaintiff show, in part, that: (1) he has a disability and (2) he is a qualified individual with or without reasonable accommodation. *Rossbach v. City of Miami,* 371 F.3d 1354, 1356-1357 (11th Cir. 2004). A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Work and sleep are both major life activities. 42 U.S.C. § 12102(2)(A). For a condition to substantially limit a person's ability to work, it must significantly restrict a person's ability 'to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" 29 C.F.R. § 1630.2(j)(3)(i); *see also Carruthers v. BSA Adver., Inc.,* 357 F.3d

6

1213, 1216 (11th Cir. 2004). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(I).

As to the major life activity of work, Magistrate Judge Baverman concluded that "Plaintiff has not provided the necessary evidence to create an issue of material fact as to whether she was substantially limited in the major life activity of work." D.E. [136], 34. The Report and Recommendation further states "Plaintiff merely demonstrates how the PTSD affected Plaintiff at work as the Director of Senior Services, which is completely different from showing that Plaintiff was unable to perform a broad class of jobs." *Id*. Plaintiff contends that this determination is in error. In her reply to Defendant's motion for summary judgment, Plaintiff alleges that she was substantially limited in her ability to perform a "class of jobs" because, due to her PTSD, (1) she could not sleep so she arrived late to work, (2) she experienced uncontrollable diarrhea, which required her to leave meetings, (3) she had trouble controlling her temper, her reactions, and her emotions, which created problems with her subordinates and superior, (4) her judgment and communication skills suffered after her accident, and (5) she experienced blackouts and memory lapses. D.E. [106], 7-8. This court agrees with the Report and Recommendation that Plaintiff has only shown that her PTSD effected, to some extent, her job as the Director of Senior Services.[3] Plaintiff offered

---

[3] The court is unsure that Plaintiff proffered enough evidence even to show that she was substantially limited in her job as Senior Services Director, much less a broad class of

no evidence in her reply to Defendant's motion for summary judgment that she is unable to work a broad class of jobs due to her PTSD. Nor did Plaintiff given any indication of how her situation "compare[s] to the average person having comparable training, skills, and abilities." *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997).

Plaintiff argues that she applied for many positions "in social services and development," and she was not able to secure another position because of her PTSD. D.E. [137], 5. The court notes that Plaintiff is making this argument for the first time in her objections to the Report and Recommendation, and Plaintiff's citations do not support her contention. In her deposition, Plaintiff states that she applied for many jobs after her termination by Defendant, but she could not remember how many. Deposition of Plaintiff, 48. She could not remember whether she had ever had a single personal interview with anyone, *id*. at 50, although she had several telephone interviews. *Id*. at 51. In her deposition, Plaintiff describes one job she applied for in particular, after which she received a letter stating she was an "excellent applicant" but that the employer had given the job to someone else. *Id*. She claims she never found outside employment after her termination by Defendant, but none of the cited evidence shows that she was "unable to secure another position within the range of her training, skills, and abilities because of her PTSD." D.E. [137], 3. The court

---

jobs.

is unclear as to how Plaintiff contends that her PTSD was the cause of her inability to find another job, and the new citations to her deposition do not support her argument.

As the Report and Recommendation points out, Plaintiff did not allege that her PTSD substantially limited her sleep in her original reply to Defendant's motion for summary judgment. *See* D.E. [106], 7-8. Instead, it was alleged for the first time in Plaintiff's motion for leave to file supplemental brief in response to Defendant's motion for summary judgment D.E. [127]. Magistrate Judge Baverman denied Plaintiff's first motion for leave to file supplemental brief, as well as her amended motion for leave to file supplemental brief, D.E. [128], because Plaintiff failed to proffer any reason why she should be allowed to file a surreply, and Plaintiff failed to show that she was responding to any new arguments from Defendant's reply brief. D.E. [135].

Plaintiff argues that she did raise an argument regarding the major life activity of sleep in her reply to Defendant's motion for summary judgment.[4] The court disagrees. Plaintiff's reply brief states that "Plaintiff's disability affected many areas of her life, including without limitation, her ability to work." D.E. [106], 7. Plaintiff then argues that work is defined as a major life activity, and she points out the ways her PTSD affects her ability to work. Plaintiff only mentions sleep in passing, stating that "Plaintiff could not

---

[4] Plaintiff does not contest Magistrate Judge Baverman's decision denying her motion to file her proposed surreply or supplemental brief. Therefore, the court declines to address Plaintiff's proposed surreply.

9

sleep, which caused her to arrive later at work than normal." D.E. [106], 7. Plaintiff clearly was arguing that her inability to sleep affected her work, which was intended to support her argument that her PTSD affected the major life activity of work, not a separate argument that she was also limited in her ability to sleep.

Even if Plaintiff's original reply brief could be considered to have asserted that Plaintiff's PTSD affected her sleep substantially, this court agrees with the Report and Recommendation's finding that Plaintiff offered essentially no evidence to show that her sleep was substantially limited. Again, Plaintiff only states that she "could not sleep." D.E. [106], 7. Plaintiff's statement of material fact states only that she had difficulty sleeping, and it caused her to come into work half an hour late. D.E. [105], ¶ 31. This small bit of information in no way shows that Plaintiff was substantially limited in her ability to sleep as the court cannot determine the nature, severity, or duration of the impairment. 29 C.F.R. § 1630.2(j). Plaintiff failed to raise a material issue of fact as to whether her PTSD substantially impairs her ability to sleep.

As this court agrees with the Magistrate Judge's determination that Plaintiff failed to establish a *prima facie* case under the ADA for both her discrimination and failure to accommodate claims, the court need not address Plaintiff's remaining objections. However, even if Plaintiff had established that she was disabled under the ADA, the court agrees with the Report and Recommendation that Plaintiff failed to establish that she requested a

10

reasonable accommodation, and she failed to establish that Defendant's proffered legitimate, nondiscriminatory reason for terminating her was pretext for discrimination.

Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). Plaintiff claims Defendant knew of her PTSD and failed to accommodate her. Plaintiff has "[t]he burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable. Once the plaintiff has met her burden of proving that reasonable accommodations exist, the defendant-employer may present evidence that the plaintiff's requested accommodation imposes an undue hardship on the employer." *Terrell v. USAir*, 132 F.3d 621, 624 (11th Cir. 1998) (internal citations and quotations omitted). Plaintiff is also required to show that she made a specific demand for a reasonable accommodation upon her employer. *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363-64 (11th Cir. 1999).

Magistrate Judge Baverman found that "Plaintiff has not created an issue of material fact that she requested an accommodation." D.E. [136], 55. Simply informing Defendant that she was having some problems with her PTSD after her accident did not create an issue of material fact because Plaintiff offered no specific statement that could be construed as a

11

request for accommodation. *Id*. Plaintiff, in her objections to the Report and Recommendation, points to several portions of deposition testimony that she contends show she made a demand for accommodation. Some of this evidence was cited in her reply to Defendant's motion for summary judgment, while she is citing some of the evidence for the first time in her objections to the Report and Recommendation. Despite Plaintiff's arguments, the court agrees with Magistrate Judge Baverman's assessment that Plaintiff failed to create a material issue of fact regarding whether she specifically requested an accommodation.

The court further notes that it is Plaintiff's burden to identify what accommodation exists that would have helped her perform the essential functions of her job, but in Plaintiff's reply to Defendant's motion for summary judgment and statement of material facts, Plaintiff never identifies what accommodation she thinks Defendant should have or could have made. She simply declares that Defendant knew about her PTSD, and therefore had to give her a reasonable accommodation. Now, in her objections to the Report and Recommendation, Plaintiff argues that she clearly asked Defendant to accommodate her difficulties with working and sleeping by permitting her to come in later and work later and on weekends. While it is improper for Plaintiff to make this argument for the first time in her objections to the Report and Recommendation, the court finds that the evidence now proffered by Plaintiff in her objections only shows that Defendant was aware that Plaintiff suffered from

12

PTSD. It does not show that Plaintiff asked for any accommodation, and it does not show that Plaintiff specifically asked that she be allowed to come in later and work on weekends. "[T]he ADA provides no cause of action for failure to investigate possible accommodations." *McKane v. UBS Fin. Servs., Inc.*, No. 09-13011, 2010 WL 200831, at *2 (11th Cir. 2010).

As stated previously, the *McDonnell Douglas* framework applies to Plaintiff's claim for discriminatory discharge. Once a plaintiff makes a *prima facie* case under the ADA, the burden then shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for terminating the plaintiff. *Bennett v. Dominguez*, 196 Fed. Appx. 785, 792 (11th Cir. 2006). The plaintiff may then show that the defendant's proffered reason is pretext. *Id.* Here, Magistrate Judge Baverman found that Defendant offered a legitimate reason for terminating Plaintiff, and Plaintiff, because she incorrectly argued that the *McDonnell Douglas* framework does not apply to any ADA claims, failed to address Defendant's pretext arguments. Even assuming that Plaintiff had established that she had a disability, the Report and Recommendation concludes that her claim for discriminatory discharge also fails because Plaintiff did not satisfy her burden of offering evidence of pretext.

In her objections to the Report and Recommendation, Plaintiff does not challenge Magistrate Judge Baverman's decision that Defendant proffered evidence of a legitimate, nondiscriminatory reason for her termination. Instead, Plaintiff argues that the evidence

13

shows that, when the facts are viewed in the light most favorable to Plaintiff, "a jury could easily infer that Cooper's reasons for firing Plaintiff are not credible, but are merely . . . pretext." D.E. [137], 12. Once Defendant presented evidence of a legitimate nondiscriminatory reason for firing Plaintiff, the burden shifted to Plaintiff to "demonstrate that the proffered reason was not the true reason for the employment decision. [Plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more than likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Bennett,* 196 Fed. Appx. at 792 . Plaintiff chose not to address pretext in her response to Defendant's motion for summary judgment. The court declines to address, for the first time on Plaintiff's objections to the Report and Recommendation, Plaintiff's arguments regarding pretext.[5]

In conclusion, the court OVERRULES Plaintiff's objections and ADOPTS AS MODIFIED the Report and Recommendation of the Magistrate Judge [136]. Defendant's motion for summary judgment is GRANTED [86].

---

[5] The court also declines to address Plaintiff's concerns regarding the portion of the Report and Recommendation discussing after-acquired evidence, as the court agrees with Magistrate Judge Baverman's findings that Plaintiff failed to establish a *prima facie* case of discrimination under the ADA.

**IT IS SO ORDERED** this 15th day of July 2010.

                                        /s  J. Owen Forrester
                                          J. OWEN FORRESTER
                                    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)